UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALPHONSO LEE DENMARK,

    Petitioner,

-vs-                                      Case No.   5:17-cv-54-Oc-36PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER DENYING PETITION

Petitioner, a Florida prisoner proceeding *pro se*, initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 and is proceeding on an Amended Petition (Dkts. 1, 14). Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 22). Thereafter, Respondent filed a Response and Appendix (Dkts. 27, 28). Petitioner did not file a reply, and the time to do so has passed. Because the Court may resolve the petition on the basis of the record, an evidentiary hearing is not warranted. *See* Habeas Rule 8(a).

## I. PROCEDURAL HISTORY

After a jury trial in Marion County, Petitioner was found guilty of one count each of: burglary of a dwelling; fleeing and eluding; attempted burglary of a dwelling; possession of hydrocodone; driving with a suspended license (habitual); and resisting an officer without violence. (Dkt. 28, Respondents' Exhibit A, pp. 8-9, 287-89, 394, 397-408, hereafter "Exh."). The evidence presented at trial demonstrated that while police were attempting to execute an arrest warrant on the Petitioner, he fled in his car. (Exh. A, Trial Transcript, pp. 407-20).

Petitioner eventually abandoned the car and broke into a duplex apartment. *Id.* at 463-64. A hydrocodone pill was found in the console of Petitioner's car. *Id.* at 494-96, 507-08. The duplex was owned by Nancy Chapman and had recently been rented by John Tegtmeyer. *Id.* at 662-68. The Amended Information only listed Nancy Chapman as the owner in possession as to Count I (burglary of a dwelling). *Id.* at 8-9. Prior to calling its final witness, the State moved to amend the information and include in the jury instructions both Ms. Chapman and Mr. Tegtmeyer. *Id.* at 662-68. Trial counsel objected, but the trial court overruled the objections. *Id.* Ms. Chapman testified at trial that she owned the duplex in question and that one unit was rented to John Tegtmeyer and one was rented to Jacquie Flowers. *Id.* at 679-82. Ms. Chapman testified that she did not give the Petitioner permission to enter either apartment. *Id.*

Petitioner was sentenced to a total of 23 years in prison. *Id.* at 397-408. Petitioner appealed, and on September 25, 2012, the Fifth District Court of Appeal *per curiam*, without opinion, affirmed his conviction and sentence. (Exh. I); *Denmark v. State*, 98 So.3d 583 (Fla. 5th DCA 2012). Mandate issued October 19, 2012. *Id.*

On May 12, 2013, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. (Exh. J, pp. 2-24). Petitioner eventually filed a second amended Rule 3.850 motion on June 4, 2014. (Exhs. K, L). The postconviction court summarily denied the motion on February 16, 2015, and Petitioner appealed. (Exhs. O, P). The Fifth District Court of Appeal affirmed *per curiam* without opinion on May 5, 2015. (Exh. R); *Denmark v. State*, 166 So. 3d 804 (Fla. 5th DCA 2015).

On July 18, 2014, Petitioner filed a state habeas petition alleging that appellate counsel was constitutionally ineffective for failing to argue that the trial court erred by allowing the State

to amend the information. (Exh. S). The Fifth District Court of Appeal denied the petition on April 28, 2017. (Exh. V).

On May 4, 2017, Petitioner filed the present petition, raising two grounds for relief: (1) trial counsel was constitutionally ineffective for failing to adequately object to the State's amendment of the information; and (2) appellate counsel was constitutionally ineffective for failing to argue on appeal that the trial court erred by allowing the State to amend the information. (Dkt. 14).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244

4

F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Ineffective Assistance of Counsel Standard**

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*.

Petitioner must demonstrate that counsel's alleged errors prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To show prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very

difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA.") (citation omitted).

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

**C. Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

6

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 *U.S.C. § 2254(b)(1); Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To

7

establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986).

To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier,* 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

### III. ANALYSIS

**Ground One**

Petitioner contends that trial counsel was ineffective for failing to adequately object when the State amended the information to include John Tegtmeyer as an owner in possession of the dwelling Petitioner burglarized. (Dkt. 1). The State did so during the trial as the parties were discussing jury instructions, amending the information to reflect that Nancy Chapman (the owner

of the apartment) or John Tegtmeyer (renter) were in possession of the apartment at the time of the burglary. In rejecting this claim on post-conviction review, the state court wrote:

> The Supreme Court of Florida has held that the State may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant. *State v. Clements,* 903 So. 2d 919 (Fla. 2005) (citing *State v. Anderson*, 537 So. 2d 1373 (Fla. 1989)). "[T]he key to whether it is error to permit amendment during trial is whether the defendant is thereby prejudiced." *Green v. State*, 728 So. 2d 779, 780 (Fla. 4th DCA 1999).
>
> …
>
> The change to the Information involved adding the name of the individual who had signed a lease for the property involved in the burglary. A copy of the lease had been provided to the Defense in discovery. The Defendant has failed to show, then or now, that the amending of the Information was prejudicial. Therefore, this claim is without merit.

(Exh. O, pp. 3, 5).

At Petitioner's trial, his attorney objected to the amendment of the information; the objection was overruled in accord with Florida Supreme Court jurisprudence on the issue. (Exh. A, pp. 662-68). Petitioner has not shown that the amendment prejudiced him. Nor has he shown that he was prejudiced by any alleged deficient performance by trial counsel (i.e., he cannot show that but for trial counsel's "inadequate" objection, the jury would have found him not guilty). It was established at trial by Ms. Chapman's testimony that Petitioner did not have permission to enter the duplex. *Id.* at 679-82.

Petitioner has failed to demonstrate that the state courts' denial of this claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Accordingly, Ground 1 does not warrant federal habeas relief.

**Ground Two**

9

Petitioner contends that appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred by allowing the State to amend the information to include Mr. Tegtmeyer's name. (Dkt. 1). The Fifth District Court of Appeal denied the state habeas petition without written opinion. (Exh. V). In its opposition brief, the State wrote:

> It is well settled under Florida law that an information may be amended any time prior to the jury receiving the case for deliberation unless there is prejudice to the defendant. This includes amending it so that it conforms to the evidence adduced at trial. Presently, that is exactly what the prosecutor sought and the trial court allowed. Further, as conceded by defense counsel and held by the trial court, there was no prejudice. Ms. Chapman's testimony alone was sufficient for the jury to convict Petitioner.

(Exh. T, p. 5) (internal citations omitted).

"Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only arguments most likely to succeed. Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) (internal citations omitted). Here, appellate counsel was not deficient for failing to raise an argument that was clearly precluded by state law (as discussed, *supra*, in Ground 1). Petitioner cannot show that but for the omission of his claim in his direct appeal, his conviction would have been overturned by the appellate court.

Accordingly, Petitioner has failed to demonstrate that the state courts' denial of this claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Ground 2 does not warrant federal habeas relief.

Any of Petitioner's allegations not specifically addressed herein are without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 14) is **DENIED**. The **Clerk** is directed to enter judgment accordingly and close this case.

2. A Certificate of Appealability (COA) is **DENIED** in this case, since Petitioner cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Petitioner is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Ocala, Florida on February 27, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record